**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on July 01, 2026**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | **GRAND JURY ORIGINAL** |
| **v.** | : | |
| | : | **VIOLATIONS:** |
| **ANTHONY WINSLOW,** | : | **21 U.S.C. § 841(a)(1), (b)(1)(C)** |
| **also known as "Ant,"** | : | **(Unlawful Possession with Intent to Distribute and** |
| | : | **Distribution of a Mixture or Substance Containing** |
| | : | **a Detectable Amount of Fentanyl Resulting in** |
| **Defendant.** | : | **Death or Serious Bodily Injury)** |
| | : | |
| | | **FORFEITURE:** |
| | | **21 U.S.C. §§ 853(a) and (p)** |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

Between on or about May 19, 2024 and May 20, 2024, within the District of Columbia and elsewhere, **ANTHONY WINSLOW, also known as "Ant,"** did unlawfully, knowingly, and intentionally possess with intent to distribute and distribute a mixture or substance containing a detectable amount of fentanyl, a Schedule II narcotic drug-controlled substance, resulting in death or serious bodily injury.

**(Unlawful Possession with Intent to Distribute and Distribution of a Mixture or Substance Containing a Detectable Amount of Fentanyl Resulting in Death or Serious Bodily Injury**, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One of this Indictment, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting or derived from, any proceeds obtained, directly or indirectly, as the result of these offense; and any property

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses. The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Sections 853(a) and (p))

A TRUE BILL:

FOREPERSON.

JEANINE FERRIS PIRRO
United States Attorney

By: ______________________
Kimberley C. Nielsen
Deputy Chief, Violent Crimes and
Narcotics Trafficking Section